

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 6, 1996

Mr. Don Gilbert
Commissioner
Texas Department of Mental Health
and Mental Retardation
P.O. Box 12668
Austin, Texas 78711-2668

Opinion No. DM 422

Re: Applicability of Senate Bill 646, Act of May 27, 1995, 74th Leg., R.S., ch. 854, 1995 Tex. Gen. Laws 4287, 4288, which relates to veterans' employment preference (RQ-856)

Dear Commissioner Gilbert:

You ask what preference a state employee who is a veteran has, pursuant to section 657.007 of the Government Code, in the event of a reduction in force ("RIF") in the employing agency. Specifically, you seek to know whether such an employee has an absolute preference over other employees in a RIF, or whether his or her veteran status is to be considered only when choosing between or among otherwise similarly qualified employees.

Section 657.007 of the Government Code was added as part of Senate Bill 646, Act of May 27, 1995, 74th Leg., R.S., ch. 854, 1995 Tex. Gen. Laws 4287, 4288. The general purpose of Senate Bill 646, according to the bill analysis, was to require "public entities and the Texas Veterans Commission to file a report stating the percentage of employees hired by the entity who are entitled to veterans' employment preferences." House Comm. on State Affairs, Bill Analysis, S.B. 646, 74th Leg. (1995).

Section 657.007, with which you are particularly concerned, provides as follows:

> (a) An individual entitled to a hiring preference under this chapter is also entitled to a preference in retaining employment if the public entity that employs the individual reduces its workforce.

> (b) The preference granted under this section applies *only to the extent that a reduction in workforce* by an employing public entity *involves other employees of a similar type or classification.* [Emphasis added.]

In our view, the language emphasized above makes plain that the preference established by section 657.007 is by no means an absolute one. This view moreover is reinforced by reading this

section in pari materia with section 657.003(a) of the Government Code, which defines the reference in employment as follows:

> An individual who qualifies for a veteran's employment preference is entitled to a preference . . . over other applications for the same position *who do not have a greater qualification.*

There is no reason to assume that the preference available for retention purposes is greater than that for hiring purposes. Nothing in the language or legislative history of section 657.007 indicates an intent to modify the nature of the preference. Accordingly, the preference is to be taken into consideration when selecting among similarly qualified and similarly situated employees, and does not require the retention of a veteran in place of a more qualified employee who is not a veteran.

## S U M M A R Y

> The preference for veterans in a reduction workforce mandated by section 657.007 of the Government Code is not absolute. Veterans are to be preferred when selection among similarly qualified and similarly situated employees, but are not entitled preference over more qualified employees who are not veterans.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General